Filed 12/24/24  In re M.R. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.R., a Person Coming Under the Juvenile Court Law. | B326477 (Los Angeles County Super. Ct. No. 22CCJP04411A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. R.R. et al., Defendants and Appellants. | |

APPEALS from findings and orders of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Dismissed.

David M. Yorton, Jr., under appointment by the Court of Appeal, for Defendant and Appellant R.R.

Emery El Habiby, under appointment by the Court of Appeal, for Defendant and Appellant V.R.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

_____

Defendants and appellants R.R. (mother) and V.R. (father)[1] appeal from the juvenile court's January 11, 2023, jurisdictional findings and dispositional orders in which their daughter, M.R. (minor, born Nov. 2015), was declared a dependent of the court and removed from father's custody.  In light of the subsequent termination of juvenile dependency jurisdiction and the release of minor to both parents, we dismiss the appeals as moot.

**BACKGROUND**

*Dependency Petition*

On November 9, 2022, the Los Angeles County Department of Children and Family Services (DCFS) filed a dependency petition seeking the juvenile court's exercise of jurisdiction over minor pursuant to Welfare and Institutions Code section 300, subdivision (b)(1) (failure to protect).

Count b-1 alleged that, in September 2022, father had driven a vehicle while under the influence of alcohol with minor

_____

[1]     We refer to mother and father collectively as the parents.

as a passenger.  This had resulted in a crash, and father had been arrested for driving under the influence (Veh. Code, § 23152, subd. (a)), driving under the influence of alcohol with a level of 0.08 percent (Veh. Code, § 23152, subd. (b)), driving under the influence of alcohol and drugs (Veh. Code, § 23152, subd. (g)), and child endangerment (Pen. Code, § 273a). Additionally, a marijuana pipe accessible to minor was located in father's vehicle.

Count b-2 alleged that father had a history of substance abuse and was a current abuser of alcohol, rendering him incapable of providing minor with regular care and supervision. Mother knew or reasonably should have known of father's substance abuse, but she failed to protect minor by allowing him to reside in minor's home, transport minor, and have unlimited access to minor.

*Initial Hearing*

At the initial hearing on November 28, 2022, the juvenile court found that a prima facie showing had been made that minor was a person described by Welfare and Institutions Code section 300.  The court detained minor from father and released her to mother.

*Adjudication Hearing*

After entertaining oral argument at the adjudication hearing on January 11, 2023, the juvenile court sustained the dependency petition as pled.  The court declared minor a dependent of the court, removed her from father's custody, and placed her with mother under DCFS supervision.  Father was granted monitored visitation.  Among other things, the court ordered father to participate in parenting classes and individual counseling.

*Appeals*

Mother and father each filed a timely notice of appeal from the findings and orders made at the January 11, 2023, adjudication hearing.

*Termination of Jurisdiction*

On August 21, 2023, the juvenile court found that the conditions that would justify the initial assumption of jurisdiction under Welfare and Institutions Code section 300 no longer existed and were not likely to exist if supervision was withdrawn. Accordingly, the court terminated its jurisdiction and released minor to the parents.

## DISCUSSION

On appeal, the parents challenge the jurisdictional findings and dispositional order removing minor from father as unsupported by substantial evidence. They further contend that the juvenile court erred by ordering father to participate in parenting classes and individual counseling and restricting his visitation to monitored.

It is a court's duty, including in the dependency context, "'"to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."' [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.)

"Due to the dynamic nature of juvenile dependency proceedings, a subsequent order of the juvenile court may render an issue on appeal moot. [Citation.]" (*In re M.F.* (2022) 74 Cal.App.5th 86, 110.) "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error."

4

(*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) "For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.)

The termination of dependency jurisdiction and the release of minor to both parents (thus returning minor to father's custody) have rendered the parents' appeals moot. (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 ["An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot"].) Even if we reversed the challenged findings and orders, we could provide no effective relief that would have any practical or tangible impact on either parent's conduct or legal status. (*In re D.P.*, *supra*, 14 Cal.5th at p. 277 ["relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status[]'"].)

The parents nevertheless argue that we should exercise our discretion to reach the merits of their appeals. Mother asserts that the sustained allegation that she failed to protect minor made her "an offending parent" and "was particularly offensive to [her] with her strict and traditional upbringing that opposed drug and alcohol use." Father argues that we should exercise our discretion because dependency jurisdiction was terminated in the underlying matter due to the parents' prompt compliance with their case plans. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 286.)

We decline to exercise discretionary review here. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 287 ["A reviewing court must decide on a case-by-case basis whether it is appropriate to exercise discretionary review to reach the merits of a moot appeal"].) The

5

jurisdictional findings were not "based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285–286.) Nor can we detect how dismissing these appeals as moot "would perversely incentivize noncompliance" (*id.* at p. 286) based on the facts before us.

## DISPOSITION

The appeals are dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
RICHARDSON


6